■ L. J. McNEILL CONTRACTING CORPORATION, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 34148.) — The claimant on May 21, 1953 entered into a subcontract with John Arborio, Inc., the general contractor, to erect and install all bridge structures required in Arborio's general contract with the New York State Thruway Authority in the construction of a section

of the Thruway. Claimant examined the specifications and in reliance thereon prepared its estimate. After work was started the State directed that rivets rather than rivet bolts be used in the erection of the bridge structures. Claimant contends that this resulted in altering and revising its work, that it made necessary the purchase of additional materials, etc., to its damage in the sum of $23,000, and that the State through the Department of Public Works agreed with John Arborio, Inc., to pay the difference in cost resulting from the above modifications. It seems clear that this claimant would have a cause of action against John Arborio, Inc., for the additional work, and undoubtedly, unless it released same, the latter has a similar claim against the Thruway Authority. Nevertheless, the claimant on September 29, 1956 filed the claim herein against the State. The State moved, under rule 106 of the Rules of Civil Practice to dismiss the claim on two grounds: (1) the claim failed to state facts sufficient to constitute a cause of action, and (2) under the terms of the contract the State of New York had been released from any and all claims. The second ground was withdrawn for unknown reasons subsequent to the hearing of the motion. In a brief memorandum decision, HUNT, J., of the Court of Claims, without a statement as to how or why the claim stated a cause of action, denied the motion. The State appeals, contending that there was no privity here, that claimant was not a party to the contract, and therefore has no right to complain or to recover damages for the breach. It also maintains that the contract was not a contract for the benefit of a third person. Respondent McNeill Contracting Corporation contends that there was a subsequent agreement which was approved by the State calling for the modified and additional work and that the claimant was directed by the State Department of Public Works, through its agents and employees, to perform this work. It states that the claimant was actually a party to this contract and performed the work. The affidavit filed by the deputy assistant attorney-general on the motion is directed solely to the ground that was withdrawn, viz., that the claim had been released, and is completely silent as to any other ground. The position that there was no privity and that the general contract was not a contract for the benefit of a third person appeared for the first time, as far as the papers are concerned, in the State's brief in this court. No mention is made at any time of any subsequent contract. In this maze, we turn to the claim to see if it alleges facts sufficient to state the cause of action as contended by the claimant, viz., that there was an additional contract to which it was a party, and that the State through its agents directed it to perform the additional work. The claim is inaristically drawn and difficult to interpret, but liberally read it seems to state a minimal cause of action. We would be of opinion that an amendment toward clarification would be an aid to any court. Order affirmed, without costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.